IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GUSTAVO MARTINEZ,**

    **Plaintiff,**

**v.**                                                         **Civil Action No. 3:19cv720**

**CONSTELLIS, LLC,** *et al.,*

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Triple Canopy, Inc. and Constellis, LLC's (collectively, "Defendants") Rule 12(b)(6)[1] Motion to Dismiss Plaintiff's Amended Complaint (the "Second Motion to Dismiss). (ECF No. 20.) Plaintiff Gustavo Martinez responded, (ECF No. 22), and Defendants replied, (ECF No. 23). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons that follow, the Court will grant the Motion to Dismiss with prejudice.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint alleges that Defendants violated Martinez's rights pursuant to 42 U.S.C. § 2000e ("Title VII").

## I. Factual and Procedural Background

### A. Factual Background[3]

In this employment action, Martinez alleges that his former employer, Defendants, discriminated against him based on his race and national origin when they terminated his employment following his involvement in a car accident. (Am. Compl. ¶¶ 34, 36–37, ECF No. 18.)

In February 2011, Martinez, who "is of Spanish descent," began his employment with Defendants as a "Force Protection Officer." (*Id.* ¶¶ 14, 16–17.) Seven years later, on February 18, 2018, Defendants terminated Martinez. (*Id.* ¶¶ 16, 28.)

During his employment with Defendants, Martinez "had an overall positive performance history." (*Id.* ¶ 18.) "In February 2017," Defendants promoted Martinez to Sergeant. (*Id.* ¶ 19.) "During all times relevant . . . , [Martinez] was posted in the Udairi Range, Kuwait, reporting to Project Manager Christopher Rector," who "is Caucasian." (*Id.* ¶¶ 20–21.)

"On February 17, 2018," approximately one year after his promotion and the day before Defendants terminated his employment, Martinez "had a car accident while driving from Sword to Gerber Range." (*Id.* ¶ 22.) This accident was Martinez's "first offense." (*Id.* ¶ 24.) Martinez "was written-up at the direction of Mr. Rector[,]" his project manager. (*Id.* ¶ 25.) "Defendants alleged that [Martinez] was at-fault [for the accident] and going over the speed limit." (*Id.* ¶ 26.)

---

[3] For the purpose of the Rule 12(b)(6) Motion to Dismiss, the Court will accept the well-pleaded factual allegations in Martinez's Amended Complaint as true, and draw all reasonable inferences in favor of Martinez. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) ("a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

2

However, Martinez states that he "was going the posted speed limit, which was confirmed by several members of his unit." (*Id.* ¶ 27.)

The next day, February 18, 2018, Defendants terminated Martinez's employment. (*Id.* ¶ 28.) Martinez states that he "is aware of at least three (3) non-Spanish employees [who] were involved in a car accident and were not terminated." (*Id.* ¶ 29.) "Mr. Rector supervised all three [of those] employees." (*Id.* ¶ 30.)

On August 9, 2018, Martinez filed a claim with the Equal Employment Opportunity Commission. (*Id.* ¶ 31.) He received "his Notice of Rights, dated July 3, 2019." (*Id.* ¶ 32.)

### B. Procedural Background

On October 1, 2019, Martinez, proceeding *pro se*,[4] filed his original Complaint in this Court. (ECF No. 1.) Defendants filed a Motion to Dismiss Martinez's Complaint (the "First Motion to Dismiss"). (ECF No. 7.) Counsel for Martinez then noticed his appearance, (ECF No. 9), and, following an extension of time, (ECF No. 16), filed the Amended Complaint, (ECF No. 18). Because the Amended Complaint "supersedes the original and renders it of no legal effect," the Court denied the First Motion to Dismiss. (Feb. 12, 2020 Order 1, ECF No. 19 (citations omitted).)

In the Amended Complaint, Martinez brings a single claim of "Title VII Discrimination," asserting that Defendants engaged in racial and national origin discrimination when they terminated his employment but failed "to terminate non-Spanish [employees] for accidents." (Am. Compl. ¶¶ 36–37.) Defendants then filed the Second Motion to Dismiss, arguing that

---

[4] Although Martinez filed his Complaint *pro se*, the 83.1 Form, which the Local Rules of the United States District Court for the Eastern District of Virginia require, indicated that Amanda Brookhuis of the Kirby G. Smith Law Firm, LLC, assisted in preparing the Complaint. (*See* 83.1 Form 1, ECF No. 1-1.)

3

Martinez failed to show that Defendants treated non-Spanish individuals more favorably and that Martinez satisfactorily performed his job duties at the time of his termination. Martinez responded and Defendants replied. The Court now addresses the merits of the instant motion.

## II. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly

give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis

#### A. Legal Standard: Title VII Discrimination

Title VII states that employers cannot "discriminate against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment because of such individual's" race or sex. 42 U.S.C. § 2000e-2(a)(1). "Absent direct evidence, the elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected class;[5] (2) satisfactory job performance; (3) adverse employment action;[6] and[,] (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)).

"In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a *prima facie* case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)) (emphasis added). "Instead, a Title VII plaintiff is 'required to allege facts to satisfy the elements of a cause of action created by that statute.'" *Id.* (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). When determining

---

[5] Defendants do not, because they cannot, dispute that Martinez is a member of a protected class because he "is of Spanish descent." (Am. Compl. ¶ 14.)

[6] Defendants do not dispute that they took an adverse employment action against Martinez when they terminated his employment.

if a plaintiff has pleaded sufficient plausible facts to establish a violation of Title VII, the inquiry "is whether [the plaintiff] alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Id.* (quoting *Coleman*, 626 F.3d at 190). The Court, therefore, does not require proof of all of the elements of a *prima facie* case of racial discrimination, but requires that plaintiffs plausibly meet these elements.[7] *See id.* at 617 n. 8 (recognizing the elements of a *prima facie* case of discrimination under Title VII); *Robinson v. Loudon Cty. Pub. Schs.*, No. 1:16cv1604, 2017 WL 3599639, at *3 (E.D. Va. Aug. 18, 2017) (accord); *Turner v. Richmond Pub. Schools*, No. 3:16cv256, 2017 WL 1179162, at *12 (E.D. Va. Mar. 28, 2017) (recognizing that at the Motion to Dismiss stage, "a Title VII plaintiff need not plead facts that constitute a *prima facie* case, [but] a plaintiff still bears the burden of alleging facts sufficient to state all the elements of her claim." (internal quotation marks and citations omitted, emphasis added)).

---

[7] In his Response to the Second Motion to Dismiss, Martinez states that "[a] Rule 12(b)(6) motion should be granted 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" (Resp. Second Mot. Dismiss 2, ECF No. 22 (quoting *Swierkiewicz*, 534 U.S. at 514).)

The United States Court of Appeals for the Fourth Circuit has considered whether the pleading standard announced in *Swierkiewicz*, which relied on the pleading standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), remains valid following the Supreme Court of the United States' decisions in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. *See Woods v. City of Greensboro*, 855 F.3d 639, 646–48 (4th Cir. 2017). It concluded that a plaintiff "need not plead facts sufficient to establish a *prima facie* case of race-based discrimination to survive a motion to dismiss, but . . . the more stringent pleading standard established in *Iqbal* and *Twombly* appl[y], not the superseded standard" from *Conley*. *Id.* at 648; *see Bing*, 959 F.3d at 616–17 (accord). Therefore, the Court will apply the plausibility pleading standard articulated in *Twombly* and *Iqbal* when deciding the Second Motion to Dismiss.

### B. Because Martinez Fails to Show that People of Non-Spanish Descent Received More Preferable Treatment, the Court Will Grant the Second Motion to Dismiss

Because Martinez fails to allege facts to plausibly show that Defendants treated individuals of non-Spanish descent more favorably, the Court will grant the Second Motion to Dismiss.

To meet the fourth element of a Title VII discrimination claim, a plaintiff must plausibly establish "different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190 (citations omitted). Although this standard does not require the plaintiff "as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim," if a plaintiff bases his or her "allegations 'completely upon a comparison to an employee from a non-protected class,'" then "'the validity of [his or her] *prima facie* case depends upon whether that comparator is indeed similarly situated.'" *Lawrence v. Glob. Linguist Sols. LLC*, No. 1:13cv1207, 2013 WL 3729266, at *4 (E.D. Va. Dec. 19, 2013) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)) (emphasis added). "A plaintiff must show that [he or] she is 'similar in all relevant respects to [his or her] comparator.'" *Id.* (quoting *Haywood*, 387 F. App'x at 359). "Employees are similarly situated where they 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Id.* (quoting *Haywood*, 387 F. App'x at 359). Thus, to plausibly state a claim for discrimination a plaintiff must "do more than make a general accusation that he [or she] 'was treated differently as a result of his [or her] race'" as compared to someone outside the protected class. *Robinson*, 2017 WL 3599639, at *4 (quoting *Coleman*, 626 F.3d at 191).

Here, Martinez alleges that Defendants terminated his employment after his involvement in a car accident, which constituted his "first offense." (Am. Compl. ¶¶ 22, 24, 26, 28.) He states Defendants determined that he "was at-fault and going over the speed limit." (*Id.* ¶ 26.) Martinez maintains that he "is aware of at least three (3) non-Spanish employees [who] were involved in a car accident and were not terminated." (*Id.* ¶ 29.) Mr. Rector, Martinez's supervisor, also supervised those three non-Spanish employees. (*Id.* ¶ 30.)

Although Martinez need not point to a specific comparator to establish his Title VII discrimination claim, because he relies on these allegations alone to establish his discrimination claim, he must plausibly show that these non-Spanish employees were "indeed similarly situated." *Lawrence*, 2013 WL 3729266, at *4 (citation omitted). The sparse allegations of the Amended Complaint alone do not suffice to meet that standard. Even taking as true Martinez's factual allegations that Mr. Rector supervised these individuals and that these individuals were involved in car accidents, Martinez does not allege any facts to show that Defendants determined that these individuals were at fault for their car accidents. *See id.* (stating that "[e]mployees are similarly situated where they . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.").[8] Nor does he allege that these non-Spanish individuals held positions similar to

---

[8] In his Response to the Second Motion to Dismiss, Martinez explains that the *Haywood* Court relied on a United States Court of Appeals for the Sixth Circuit decision to establish the comparator standard. (Resp. Second Mot. Dismiss 4.) Martinez notes that the Sixth Circuit "later clarified the [comparator] standard." (*Id.* 4 (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 687 (E.D. Va. 2017)).)

In *Emami v. Bolden*, a sister court in this district explained that "[t]he Sixth Circuit later clarified the [comparator] standard . . . explaining that the comparator factors were neither inflexible nor automatically applicable." 241 F. Supp. 3d at 687 (citing *McMillan v. Castro*, 405 F.3d 405, 413–14 (6th Cir. 2005)).

Here, the Court does not inflexibly or automatically apply the comparator standard announced in *Haywood*. Rather, the Court considers all of the allegations presented in

Martinez's position. *See id.* Although Martinez need not prove a *prima facie* case of discrimination at the Motion to Dismiss stage, he must do more than "make a general accusation that he 'was treated differently as a result of his race'" as compared to someone outside of his protected class. *Robinson*, 2017, WL 3599639, at *4.

Although Martinez's allegations make it *possible* that Defendants treated non-Spanish employees more preferably when they terminated Martinez's employment, even at this early stage, taking all of Martinez's well-pleaded factual allegations as true and making all reasonable inferences in favor of Martinez, the Court cannot conclude that Martinez *plausibly* established that they did so.[9] *See Bing*, 959 F.3d at 616 (recognizing that even when a plaintiff brings a Title VII claim, he or she must "plausibly state a violation of Title VII 'above a speculative level.'" (quoting *Coleman*, 626 F.3d at 190)). Therefore, the Court will grant the Second Motion to Dismiss.[10]

---

Martinez's sparse Amended Complaint and determines that even taking the well-pleaded factual allegations as true and making all reasonable inferences in favor of Martinez, Martinez has not *plausibly* established that the non-Spanish employees who Mr. Rector supervised and who were involved in car accidents constitute sufficient comparators to support Martinez's Title VII discrimination claim. Therefore, even if the Sixth Circuit has clarified the comparator standard upon which the *Haywood* Court relied, it does not affect the Court's analysis when determining the Second Motion to Dismiss.

[9] Defendants also argue that because Mr. Rector both supervised Martinez and "wrote him up for the car accident," an inference arises that Defendants did not discriminate against Martinez. (*See* Mem. Supp. Second Mot. Dismiss 6–7, ECF No. 21.) The Fourth Circuit has recognized a "'strong inference . . . that discrimination was not a determining factor for the adverse employment action taken by the employer' where the hiring and firing took place close in time and involve the same decision makers." *Bing*, 959 F.3d at 619 n.9 (quoting *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991)); *Miller v. Gruenberg*, No. 1:16cv856, 2017 WL 1227935, at *8–*9 (E.D. Va. Mar. 31, 2017). However, Martinez does not allege that Mr. Rector hired him. He also alleges that Defendants employed him for seven years. (*See* Am. Compl. ¶ 16.) Therefore, his hiring and termination did not occur in close proximity. For these reasons, the *Proud* inference does not apply and does not affect the Court's analysis.

[10] Because the Court determines that Martinez has failed to allege sufficient facts to plausibly establish that the Defendants treated non-Spanish individuals more favorably, the Court

9

### IV. Conclusion

For the foregoing reasons, the Court will grant the Second Motion to Dismiss. Because Martinez has already had the chance to amend his Complaint, the Court will grant the Second Motion to Dismiss with prejudice.

It is SO ORDERED.

/s/
_____
M. Hannah Lauck
United States District Judge

Date: Aug. 10, 2020
Richmond, Virginia

---

need not reach the Defendants' contention that Martinez has failed to plausibly establish that he satisfactorily performed his job duties at the time of his termination.